## Case No. 13,530.

### The STRATTON AUDLEY.

[8 Blatchf. 264.] [1]

Circuit Court, S. D. New York. Feb. 18, 1871.[2]

SALVAGE—NATURE OF SERVICE—TOWAGE — NEGOTIATION FOR COMPENSATION.

A service by steam tug boats, in towing off, by hawsers, a vessel which was aground, compensated. but not as a salvage service, where an exorbitant sum was claimed for the service, as a salvage service, where no peril of life or extraordinary risk of property was involved, where the service was not accepted by the ship as a salvage service, and where it proceeded upon a negotiation for compensation not involving any idea of salvage.

[Cited in Baker v. Hemenway, Case No. 770.]

[Appeal from the district court of the United States for the Southern district of New York.]

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
2 [Affirming Case No. 13,529.]

In admiralty.

John E. Parsons, for libellants.

Augustus F. Smith and Townsend Scudder, for claimants.

WOODRUFF, Circuit Judge. I find no satisfactory reason for interfering with the award made in favor of the libellants by the district court [Case No. 13,529]. The case exhibits an effort by the corporation owning the tug-boats which relieved the Stratton Audley, to compel the payment of an exorbitant sum for a service involving no extraordinary peril either of life or property, and a service which, upon the whole evidence, I think, would have been readily procured at a less cost than the amount which was awarded. It is entirely manifest, that the service was not accepted by the ship as a salvage service, and that the negotiation therefor did not, on the part of the tug, proceed upon any such idea. The captain of the tug offered to perform the work for one thousand dollars, and the captain of the ship offered five hundred. Upon this difference as to what amount would be suitable, it was consented that the amount should be settled by arbitration. I do not regard the amounts thus respectively proposed as concluding either party, but the negotiation shows that neither acted upon the idea. that the service was perilous, or that the danger to the ship was imminent, or that the elements were present which raised the question of salvage; and, after that, nothing occurred to change the condition of things in that respect.

Doubtless, the ship had need of assistance; but the wind had shifted, the sea was becoming less violent, and there was a possibility, and, perhaps, a probability, that the ship might get off on the next flood tide. There was no danger to be encountered by the tugs, except, it may be, unusual wear or strain in relieving the ship, and, if it be conceded that the use of tugs and hawsers, &c., in effecting the removal of the ship, was more than an ordinary towage service, it was not a perilous service. It may have involved extraordinary use and wear and tear of property, but it did not threaten loss of property in any other sense. It was a case in which it is proper to take into consideration the time, labor, difficulty of effecting the object, and wear and tear of tugs and hawsers, and, I think, that was done by the decree appealed from, which should be affirmed, without costs to the libellants, but allowing to the claimants costs of the appeal.